**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
------------------------------------------------------------------x
**FREDDY REYES,**

|  |  |  |
|---|---|---|
| | **Plaintiff,** | **MEMORANDUM** |
| | | **AND ORDER** |
| | -against- | **17-CV-7214 (RLM)** |

**NANCY A. BERRYHILL,**

                              **Defendant.**
------------------------------------------------------------------x

**ROANNE L. MANN, UNITED STATES MAGISTRATE JUDGE:**

By this action, plaintiff Freddy Reyes ("plaintiff") sought judicial review of a final decision of the Acting Commissioner of the Social Security Administration ("the government") denying his request for Supplemental Security Income ("SSI") benefits based on disability. See Complaint (Dec. 12, 2017) ("Compl."), Electronic Case Filing Docket Entry ("DE") #1. In an opinion entered on February 6, 2019, the Honorable LaShann DeArcy Hall remanded the case to the Social Security Administration ("SSA") for further administrative proceedings. See Minute Entry and Order (Feb. 6, 2019) ("Remand Order"); Judgment (Feb. 12, 2019), DE #28. A subsequent administrative hearing was held, and, on March 3, 2020, the SSA found plaintiff disabled. See Affirmation of James M. Baker (July 9, 2020) ("7/9/20 Baker Aff.") ¶ 2, DE #36. Currently pending before this Court, by consent of the parties pursuant to 28 U.S.C. § 636(c), is an application filed by plaintiff's counsel, James M. Baker, Esq., for attorneys' fees pursuant to 42 U.S.C. § 406(b) ("section 406(b)"), the Social Security Act provision governing contingent-fee arrangements in federal court actions. See Motion for Attorney's Fees (July 9, 2020), DE #35.

For the reasons set forth below, the Court grants in part and denies in part plaintiff's motion, and awards attorneys' fees to plaintiff's counsel in the amount of $10,047.68, and directs plaintiff's counsel to refund to plaintiff $3,260.75, the amount previously paid by the government under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412.

## BACKGROUND

On November 21, 2013, plaintiff filed an application for SSI benefits.   See Affirmation of James M. Baker (May 10, 2019) ¶ 2, DE #30.   On January 13, 2017, following a hearing, an administrative law judge ("ALJ") denied his application, and plaintiff's subsequent request for review of the ALJ's decision by the Appeals Council was denied on October 30, 2017. See id.; Compl. ¶¶ 5, 6.

Plaintiff signed a two-page retainer agreement authorizing plaintiff's counsel to appeal the denial of benefits to federal district court.   See 7/9/20 Baker Decl. ¶ 5; Fee Agreement (July 9, 2020) ("Retainer Agreement"), DE #36-1.   As compensation for legal services, plaintiff agreed to pay counsel 25 percent "of any past-due benefits payable to [plaintiff] or to [his] dependents at the time of the final award."   See Retainer Agreement ¶¶ 2-3. Subsequently, plaintiff, through counsel, filed suit in this Court, seeking judicial review of the ALJ's decision, pursuant to 42 U.S.C. § 405(g).   See generally Compl.

After briefing and oral argument regarding the same, on February 6, 2019, Judge DeArcy Hall granted plaintiff's motion for judgment on the pleadings, and remanded the case to the SSA for further proceedings and additional findings.   See Remand Order.   The government did not timely object to plaintiff's application for fees under the EAJA, which Judge DeArcy Hall granted in the amount of $12,156.50 in attorney's fees.   See Order (June

3, 2019) ("6/3/19 Order").   However, the U.S. Department of the Treasury withheld $8,895.85 of the EAJA award to repay a debt owed by plaintiff for past-due student loans. See 7/9/20 Baker Aff. ¶ 4.

On April 30, 2020, following further administrative proceedings, the SSA issued a Notice of Award, stating, in pertinent part, that plaintiff was owed $58,028 in past-due benefits.   See Notice of Award (July 9, 2020), DE #36-2 at ECF p. 3.   On June 24, 2020, the SSA issued a second Notice of Award, with an amended amount of plaintiff's past-due benefits in the amount of $57,158.   See Notice of Award (July 9, 2020), DE #36-3 at ECF p. 2.   The second Notice also advised plaintiff that $30,010.25 of the past-due benefits had been paid to the New York City Human Resources Administration ("NYCHRA") to reimburse it for public assistance paid to plaintiff while his SSI claim was pending, leaving a balance of $27,147.75 to be paid to plaintiff.   See id.

Plaintiff's counsel has now moved pursuant to section 406(b) for an award of attorneys' fees in the amount of $6,786.93, which represents 25 percent of the $27,147.75 net award to be paid to plaintiff.   See 7/9/20 Baker Aff. ¶ 8.   Plaintiff's counsel further proposed that he be permitted to keep the $3,260.75 that he was awarded under the EAJA, resulting in a combined total of $10,047.68.   See id.; Reply in Support of Motion for Attorneys' Fees (July 23, 2000) ("Pl. Reply"), DE #40.   After the government objected to Mr. Baker's request that he retain the EAJA fee *and* receive fees under section 406(b), see Response to Motion (July 23, 2020) ("Govt. Resp.") at 3, DE #39, he proposed an alternative, in his reply papers: that he be awarded $10,047.68 in fees under section 406(b) and return the $3,260.75 EAJA award to plaintiff, see Pl. Reply at 2.   Mr. Baker advised that he "would much prefer" to keep both

3

fees because, if he refunds $3,260.75 to plaintiff, that payment will likely be treated as income over the limit permitted for SSI recipients.   See id.   According to Mr. Baker, apart from this potential result, "the financial consequences to Mr. Reyes and myself would be the same" under either proposal.   Id.   At oral argument on the motion on February 21, 2021, plaintiff's counsel proposed yet another alternative: that he be awarded $10,047.68 from the benefits to be paid to plaintiff and that plaintiff be credited for the $3,260.75 already received by counsel, for a net section 406(b) fee award of $6,786.93.   While acknowledging that Mr. Baker had received only $3,260.75 of the $12,156.50 fee award approved by Judge DeArcy Hall under the EAJA, the government nevertheless opposed the alternative proposed by Mr. Baker, arguing, as it did in its papers, that he be awarded the $6,786.93 initially requested under section 406(b) and be directed to return the $3,260.75 EAJA award to plaintiff.   See Govt. Resp. at 2.

## DISCUSSION

**I.   Section 406(b) Attorneys' Fees**

Section 406(b) of the Social Security Act allows a court to award a "reasonable" contingent fee to counsel representing a successful claimant in a federal action, but specifies that that fee may not exceed 25 percent of the total past-due benefits owed to the claimant. See 42 U.S.C. § 406(b)(1)(A).   Unlike an EAJA award, the fee is paid out of, not in addition to, the past-due benefits.   See id.; Gisbrecht v. Barnhart, 535 U.S. 789, 795 (2002).   Section 406(b) does not displace any contingent-fee arrangement between the claimant and attorney, but instead sets the ceiling for any such agreement at 25 percent of the past-due benefits.   See Gisbrecht, 535 U.S. at 800, 808-09.   "[Section] 406(b) calls for court review of such

4

arrangements as an independent check, to assure that they yield reasonable results in particular cases." Id. at 807.

"The Second Circuit has held that a court's determination of whether fees requested under [s]ection 406(b) are reasonable should 'begin with the agreement, and [that] the district court may reduce the amount called for by the contingency agreement only when it finds the amount to be unreasonable.'" Tamburri v. Saul, 16-CV-5784 (PKC), 2019 WL 6118005, at *2 (E.D.N.Y. Nov. 18, 2019) (citing Wells v. Sullivan, 907 F.2d 367, 371 (2d Cir. 1990)). Courts in this Circuit assess the reasonableness of a fee award that falls within the 25 percent cap by considering the following factors: (1) whether the retainer was the result of fraud or overreaching; (2) whether the attorney was ineffective or caused unnecessary delay; (3) whether the fee would result in a windfall to the attorney in relation to the services provided; and (4) the risk of loss the attorney assumed by taking the case. See Barbour v. Colvin, No. 12-CV-00548 (ADS), 2014 WL 7180445, at *1 (E.D.N.Y. Dec. 10, 2014) (citation and internal quotation marks omitted).

## II.    Dual Recovery Under Section 406(b) and the EAJA

As an initial matter, while sympathetic to the concern motivating Mr. Baker's initial proposal, the Court is constrained to reject his request that he be permitted to keep the EAJA award and a contingency fee award of $6,786.94, for a total of $10,047.68. It is well established that counsel cannot receive fees under both statutes. See Wells v. Bowen, 855 F.2d 37, 42 (2d Cir. 1988) ("dual fee applications are not improper as long as the lesser of any two amounts awarded goes to the attorney's client"). As the Supreme Court recognized in Gisbrecht v. Barnhart, the Savings Provision in the 1985 amendments to the EAJA specifically

5

mandates that where an attorney receives fees under both the EAJA and section 406(b), "the claimant's attorney must 'refun[d] to the claimant the amount of the smaller fee.'"   535 U.S. at 796 (citation omitted); see Pub. L. No. 99-80, § 3, 99 Stat. 183 (Aug. 5, 1985) (the "Savings Provision") (an attorney does not commit a misdemeanor by receiving fees for the same work under both section 206(b) and the EAJA, "but only if . . . the claimant's attorney refunds to the claimant the amount of the smaller fee").

Counsel attempts to justify his request by characterizing the "situation of this case [a]s unusual."   See 7/9/20 Baker Aff. ¶ 3.   Yet, it is not uncommon for a disability claimant to receive interim benefits while his or her disability claim is pending before the SSA, and for EAJA funds to be withheld to pay the claimant's obligations.   See generally Karla B. v. Berryhill, 8:18-CV-1273 (MAD/DJS), 2020 WL 3047517, at *3 (N.D.N.Y. June 8, 2020) (ordering refund of EAJA fees, which "were partially offset due to Plaintiff's federal debt"); Valle v. Colvin, 13-CV-2876 (JPO), 2019 WL 2118841, at *4 (S.D.N.Y. May 15, 2019) (ordering counsel to refund portion of EAJA fees remaining after a "partial[] offset due to an outstanding debt that [plaintiff] owed to the federal government"); Russell W. v. Comm'r of Soc. Sec., 7:16-CV-00008 (MAD), 2019 WL 5307315, at *3 (N.D.N.Y. Oct. 21, 2019) (ordering refund of EAJA fees remaining after deduction of plaintiff's unpaid obligations to the New York State Department of Taxation and Finance); Juanita Marie D. v. Comm'r of Soc. Sec., 6:16-CV-1457 (CFH), 2019 WL 2053849, at *3 (N.D.N.Y. May 8, 2019) (ordering refund of any EAJA award remaining after federal debt offset); see also 42 U.S.C. § 1383(g) (requiring that states be reimbursed for general assistance payments rendered during the pendency of an appeal); see also Johnson v. Comm'r of Soc. Sec., 16 CV 4219 (LDH)(RML),

2019 WL 11270462, at *1 (E.D.N.Y. Dec. 17, 2019) ("United States Department of the

Treasury withheld [EAJA fee] and applied it toward plaintiff's delinquent student loan debt"),

adopted, 2020 WL 6128966 (E.D.N.Y. Oct. 19, 2020).   Therefore, Mr. Baker may not

lawfully retain fee awards under both section 406(b) and the EAJA.

### III.      Reasonableness of Section 406(b) Fee Request

The Court next considers counsel's amended request for a contingency fee award in the

amount of $10,047.68, see Pl. Reply at 1-2, which is less than the $12,156.50 EAJA award

that was granted by Judge DeArcy Hall, see 6/3/19 Order, but was withheld in substantial part

to repay plaintiff's student loan debt.   Although the government's written response to

plaintiff's counsel's application assumed that the 25 percent cap under section 406(b) would be

calculated off the gross award ($57,158.00), see Govt. Resp. at 2, the government shifted

gears at oral argument, contending, without citation to authority, that the cap should be

determined based on the net payment of past-due benefits ($27,147.75.)   This Court disagrees.

Here, the Retainer Agreement between plaintiff and counsel provides for a fee in the

amount of 25 percent "of any past-due benefits payable to [plaintiff] or his dependents at the

time of the final award."   DE #36-1.   The award of retroactive benefits of $57,158 was in

fact "payable" to plaintiff, but was also subject to any deductions and liens under the Treasury

Offset Program.   See Astrue v. Ratliff, 560 U.S. 586, 589 (2010) (EAJA "fees award is

payable to the litigant and is therefore subject to a Government offset to satisfy a pre-existing

debt that the litigant owes the United States").   Section 406(b) similarly limits a fee award to

25 percent "of the total of the past-due benefits to which the claimant is entitled by reason of

such judgment."   42 U.S.C. § 406(b)(1)(A).   Indeed, section 406(b) "was amended in 1994

to emphasize that the calculation of attorney's fees [is] determined <u>before</u> any offset is made for the prior payments of SSI benefits." <u>Blake v. Berryhill</u>, Case No. CV 14-3344 AS, 2018 WL 5905813, at *4 (C.D. Cal. Aug. 13, 2018) (emphasis in original). Accordingly, under section 406(b), "'past due benefits' must be calculated prior to any applicable reduction." <u>Cruz v. Berryhill</u>, Case No. 16-cv-05910-PJH, 2020 WL 5526602, at *2 (N.D.Cal. Sept. 15, 2020); <u>see</u> 42 U.S.C. § 406(b)(1)(B)(ii) ("amounts of past due benefits shall be determined before any applicable reduction under section 1320a-6(a) of this title"); 42 U.S.C. § 1320a-6(a) (the "windfall offset" provision requires that any retroactive SSI benefits be reduced by the amount of benefits received by the claimant while the SSI application was pending); 20 C.F.R. § 404.1703 ("we determine past-due benefits before any applicable reduction under section [1320a-6] of the Act (for receipt of benefits for the same period under title XVI)"). Based on the language contained in both the Retainer Agreement and section 406(b), this Court finds it appropriate to calculate section 406(b) fees based on the gross amount of retroactive benefits awarded to plaintiff ($57,158.00), prior to any reduction to reimburse the NYCHRA. Accordingly, the amended request of $10,047.68 is within the 25 percent limit imposed by statute and is consistent with the attorneys' fee provision contained in the Retainer Agreement.[1]

 The Court next considers the remaining factors relevant to its assessment of the reasonableness of a requested contingency fee under section 406(b). <u>See</u> *supra* p. 5. The record contains no suggestion that plaintiff's counsel engaged in fraud or overreaching, or had

---

[1] In <u>Russell W.</u>, the court similarly granted an award in excess of the amount initially requested by plaintiff's counsel, to remedy counsel's failure to take into account that he would have to remit to plaintiff a prior fee awarded under the EAJA in that amount. <u>See</u> 2019 WL 5307315, at *3.

a hand in contributing to the substantial delays to which plaintiff's claim was subjected at the administrative level.   Nor would Mr. Baker's amended request for approval of fees totaling $10,047.68 for 59.3 hours of work – reflecting an effective hourly rate of $169.43 – result in a windfall to plaintiff's counsel, and thus, an unreasonable amount of fees.   Here, counsel achieved a favorable result in the litigation, i.e., a remand from the District Court, which then led to a favorable decision from the SSA in finding plaintiff entitled to retroactive SSI benefits. The hourly rate requested is well below that routinely awarded in this District in Social Security cases.   See, e.g., Rivera v. Berryhill, 13-CV-05060 (PKC), 2018 WL 2436942, at *2 (E.D.N.Y. May 30, 2018); Arroyo v. Comm'r of Soc. Sec., 14-CV-3513 (PKC), 2018 WL 2088013, at *2-3 (E.D.N.Y. May 4, 2018); Devenish v. Astrue, 85 F.Supp.3d 634, 639 (E.D.N.Y. 2015).   Indeed, as previously noted, the fees requested are less than the $12,156.50 sum (at an hourly rate of $250) that Judge DeArcy Hall found to be reasonable for services performed by Mr. Baker *prior* to the administrative proceedings on remand.   See 6/3/19 Order.

Based on the relevant considerations, the Court, in its substantial discretion, concludes that an award of $10,047.68 constitutes reasonable compensation to plaintiff's counsel for his representation of plaintiff in this case.

## IV.    Offset for EAJA Fees Award

Finally, the Court must deny counsel's request to offset the amount of EAJA fees paid against the amount awarded pursuant to section 406(b).   Although some out-of-circuit opinions have approved such offsets, see, e.g., Jackson v. Comm'r of Soc. Sec., 601 F.3d 1268, 1274 (11th Cir. 2010), courts in this Circuit have uniformly denied similar requests to offset section

406(b) fees so as to avoid the reporting of income to the claimant, see Garmendiz v. Saul, No. 17-CV-662 (JGK), 2021 WL 847999, at *2–3 (S.D.N.Y. Mar. 5, 2021); Polanco v. Saul, No. 16-CV-9532 (CM) (OTW), 2020 WL 5569692, at *3 (S.D.N.Y. Sept. 17, 2020); Espada v. Comm'r of Soc. Sec., 1:15-cv-01505 (SDA), 2020 WL 1322527, at *4 (S.D.N.Y. Mar. 21, 2020); Ferrara v. Comm'r of Soc. Sec. Admin., 18-cv-00022 (ALC), 2020 WL 6782045, at *2 (S.D.N.Y. Nov. 18, 2020) ("it is improper to offset the attorney's fees due pursuant to § 406(b) against fees awarded pursuant to EAJA or vice versa"); Guzman v. Comm'r of Soc. Sec., 15CV3920 (VB)(LMS), 2019 WL 4935041, at *4 (S.D.N.Y. Aug. 1, 2019) (finding "no cases in this district that uphold Plaintiff's counsel's offset theory"), adopted, 2019 WL 4933596 (S.D.N.Y. Oct. 7, 2019).   Plaintiff offers no authority to justify a departure from the plain language of the Savings Provision, which requires a "refund," or from the Supreme Court's directive that "the claimant's attorney must refund to the claimant the amount of the smaller fee."   Gisbrecht, 535 U.S. at 796; see Wells, 855 F.2d at 42, 48 (ordering counsel to return the lesser of the two fee awards).   Therefore, upon receipt of the fee award under section 406(b), counsel must return to plaintiff the amount of the EAJA fee previously received.   See Valle, 2019 WL 2118841, at *1, *4 (ordering counsel for plaintiff to refund directly to plaintiff the portion of the EAJA fees remaining after a "partial[] offset due to an outstanding debt that [plaintiff] owed to the federal government"); Rosier v. Comm'r of Soc. Sec., 1:16-CV-00127 EAW, 2020 WL 2839347, at *2 (W.D.N.Y. June 1, 2020) (ordering counsel to return any portion of EAJA award remaining after it had been withheld to "pay a government obligation owed by the Plaintiff to the Treasury Offset Program"); Juanita Marie D., 2019 WL 2053849, at *3 (ordering counsel to return any portion of EAJA award

remaining after "federal debt offset").

## CONCLUSION

For the foregoing reasons, the Court grants in part and denies in part plaintiff's motion for attorney's fees pursuant to 42 U.S.C. § 406(b).   It is hereby ordered that plaintiff's counsel, James Baker, be awarded section 406(b) fees in the sum of $10,047.68.   Upon receipt of that sum, Mr. Baker is ordered to refund to plaintiff $3,260.75, the fee amount that counsel previously received under the EAJA.

**SO ORDERED.**

**Dated:    Brooklyn, New York**
**March 24, 2021**

/s/ *Roanne L. Mann*

**ROANNE L. MANN**
**UNITED STATES MAGISTRATE JUDGE**